IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE SMILEY,

                Petitioner,

    v.

DAVID PITKINS, et al.,

                Respondents.

CIVIL ACTION
NO. 14-0807

## OPINION

**Slomsky, J.**                                                      **April 12, 2016**

## I.    INTRODUCTION

Before the Court are the pro se Objections of Petitioner Andre Smiley to United States Magistrate Judge M. Faith Angell's Report and Recommendation ("R&R") issued in the above-captioned case.  (Doc. No. 27.)  In the R&R, Magistrate Judge Angell recommended that the Petition be denied and that a certificate of appealability not be issued.  (Doc. No. 20.)  For the reasons stated below, the Court will approve and adopt the R&R (Doc. No. 20) and deny the Petition (Doc. No. 1) with prejudice.[1]

## II.    BACKGROUND

On September 15, 2006, Petitioner Andre Smiley was convicted by a jury of aggravated indecent assault, endangering the welfare of children, and contact with a minor following

---

[1] For the purposes of this Opinion the Court has considered Petitioner's pro se Petition for Habeas Corpus (Doc. No. 1), Petitioner's Memorandum of Law (Doc. No. 10), Petitioner's Federal Cases and Memorandum of Law with Historical Commentaries (Doc. No. 17), the Government's Response to the Petition for Writ of Habeas Corpus (Doc. No. 18), Magistrate Judge Angell's Report and Recommendation (Doc. No. 20), Petitioner's Objections to the Report and Recommendation (Doc. No. 27), the Government's Response to Petitioner's Objections (Doc. No. 36), Petitioner's Rebuttal to Respondent's Response to Petitioner's Objections (Doc. No. 40), and the pertinent state court record.

Petitioner's sexual abuse of his then-ten-year-old stepdaughter.  (Doc. No. 1-3 at 13.)  While Petitioner was also charged with rape, the jury returned a hung verdict on this charge.  (Id.)  He was sentenced to a total of nine to twenty years' imprisonment, and he did not file a direct appeal.  (Id.)

On August 24, 2007, Petitioner filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq., and, after having counsel appointed by the PCRA court, filed an amended petition on May 29, 2008.  (Doc. No. 1-4 at 11.)  In his amended petition, Petitioner asserted several claims of ineffective assistance of trial counsel and, because he had not initially filed a direct appeal of his conviction, Petitioner also sought the reinstatement of his appellate rights nunc pro tunc or a new trial.  (Id.)  On June 24, 2011, the PCRA court dismissed his PCRA petition.  (Id.)  On July 1, 2011, Petitioner filed a notice of appeal of the PCRA court's decision to the Superior Court of Pennsylvania.  (Id.)

In his appeal to the Superior Court, Petitioner raised nine separate issues for review regarding ineffective assistance of counsel, trial court error, and insufficiency of the evidence at trial (id. at 3-4), all of which Petitioner currently asserts before this Court.  On January 18, 2013, the Superior Court affirmed the PCRA court's denial of PCRA relief as to all claims that Petitioner raised on appeal.  (Id. at 10-19.)  On October 23, 2013, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal.  (Id. at 20.)

On February 5, 2014, Petitioner timely filed in this Court a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  In the Petition, Petitioner raises several claims of ineffective assistance of counsel, trial court error, and insufficiency of the evidence, specifically:

> GROUND ONE: In violation of my sixth amendment right to the U.S. Constitution, trial counsel rendered ineffective assistance of counsel for failing to

protect my appellate rights by not appealing my judgment of sentence to the Superior Court.

. . .

GROUND TWO: Trial court [erred] and abused its discretion constituting a violation of Petitioner's fourteenth amendment right/trial counsel failed to appeal issue and violated Petitioner's sixth amendment right to the U.S. Constitution as a result when dismissing duly selected juror.

. . .

GROUND THREE: Trial counsel rendered ineffective assistance of counsel when he failed to object to the playing of the July 18, 2005 tape[] recorded conversation between Petitioner and wife; failed to renew motion for mistrial initially made after the prosecutor introduced elicit testimony concerning other crimes non-relative to case in hand; failed to request trial court to strike the prosecutor's testimony and failed to assure that trial court give jury a timely cautionary instruction to prevent prejudice.

. . .

GROUND FOUR: Petitioner seeks a new trial and/or dismissal of charges with prejudice because trial counsel elicited Petitioner's prior criminal record in his direct examination of Petitioner.

. . .

GROUND FIVE: Trial court erred when it precluded Petitioner from consulting with his attorney by any means during a one day recess/trial counsel rendered ineffective assistance of counsel for failing to object and appeal trial court's restriction.

. . .

GROUND SIX: Petitioner's evidence is insufficient to sustain his conviction for unlawful contact with a minor and seeks an arrest of judgment/trial counsel failed to file an appeal to the Superior Court raising this issue in violation of Petitioner's sixth amendment right to the U.S. Constitution.

. . .

GROUND SEVEN: Trial court erred and violated Petitioner's fourteenth amendment right when it denied Petitioner's request to instruct the jury as to indecent assault and trial counsel violated Petitioner's sixth amendment right when he rendered ineffective assistance of counsel for failing to appeal issue.

. . .

GROUND EIGHT: Trial counsel rendered ineffective assistance of counsel when he requested the trial court to charge Petitioner on the offense of aggravated indecent assault.

. . .

GROUND NINE: Trial counsel [sic] ineffective and violates Petitioner's sixth amendment right when he abandoned Petitioner after sentencing and for failing to file a post sentence motion in the nature of a motion for reconsideration of sentence and for failing to appeal the denial of Petitioner's pro se motion for reconsideration of sentence to the Superior Court.

(Id. at 5-21; Doc. No. 1-1; 1-2.)  On March 7, 2014, then-United States District Judge L. Felipe Restrepo referred this case to United States Magistrate Judge M. Faith Angell for an R&R.  (Doc. No. 4.)  On May 12, 2014, Petitioner filed a Motion to Submit Relevant Information and Memorandum of Law with attached proposed exhibits Petitioner.  (Doc. No. 10.)  On August 19, 2014, the Motion was granted and the attached exhibits became part of the official record.  (Doc. No. 16.)  On September 16, 2014, Petitioner filed a Memorandum of Law in support of his Petition.  (Doc. No. 17.)  On October 6, 2014, Respondents filed a Response to Petition for Writ of Habeas Corpus, in which they argue that Petitioner's claims are meritless or are procedurally defaulted.  (Doc. No. 18.)

On November 19, 2014, Magistrate Judge Angell filed an R&R in which she recommended denying the Petition on all Grounds raised therein.  (Doc. No. 20.)  Petitioner timely filed Objections to the R&R on January 8, 2015.  (Doc. No. 27.)  On January 5, 2016, Respondents filed a Response to Petitioner's Objections.  (Doc. No. 36.)  On January 28, 2016, Petitioner filed a Rebuttal to Respondents' Response.  (Doc. No. 40.)

On January 19, 2016, this case was reassigned from Judge Restrepo to this Court.  (Doc. No. 39.)  For the reasons that follow, the Court will approve and adopt the R&R in its entirety and deny the Petition.

## III.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's report and recommendation.  Id. § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions."  Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter.  Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely

upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV.   ANALYSIS

In the R&R, Magistrate Judge Angell recommended denying the Petition on all nine Grounds on which the Petition for habeas relief is based.  Petitioner has filed Objections to Magistrate Judge Angell's findings as to each Ground, which the Court will review seriatim.

### A.  Objections to Ineffective Assistance of Counsel Claims

In the Petition, Petitioner raises several Grounds for habeas relief on the basis of ineffective assistance of counsel.  Because his ineffective assistance of counsel claims require the same analysis, the Court will review them together.

Petitioner's claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the United States Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must meet two requirements: 1) he must show "that counsel made errors so serious" that were "outside the wide range of professionally competent assistance"; and 2) he "must show that the deficient performance prejudiced the defense" and was "so serious as to deprive [him] a fair trial." Id. at 687-690. When a federal court reviews the state court's rejection of a petitioner's ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2254, it must be "highly deferential" to the state court's decision unless that decision is contrary to clearly established federal law, or if it is objectively unreasonable.  Yarborough v. Gentry, 540 U.S. 1, 4 (2003).  In the context of objective reasonableness, counsel cannot be ineffective for failing to pursue a meritless claim.  Werts v. Vaughn, 228 F. 3d 178, 203-204 (3d Cir. 2000).

Given this standard, the Court turns to Petitioner's Objections to the recommended denial of his ineffective assistance of counsel claims.

### a. Objection to Denial of Ground One: Failure to Appeal Judgment

Petitioner first objects to Magistrate Judge Angell's recommendation that the Court deny Petitioner's first Ground for habeas relief, in which he alleges that counsel was ineffective for failing to appeal his judgment of sentence to the Pennsylvania Superior Court. (Doc. No. 27 at 2.) Petitioner asserts that he "was interested in appealing his case" but instead looked "to trial counsel in reliance to protect his life and legal rights," who ultimately advised him against appealing. (Id.) Petitioner argues that trial counsel's advice was unreasonable and that he erroneously told him that he did not have an appealable issue. (Id. at 2-3.) The Court disagrees with Petitioner's Objection.

In recommending denying the habeas Petition as to this claim, Magistrate Judge Angell reviewed trial counsel's testimony before the PCRA court regarding Petitioner's claim of ineffectiveness based on the failure to appeal. (Doc. No. 20 at 10-11.) During the PCRA court hearing, trial counsel testified to the following:

> [Trial counsel] testified that he advised Smiley that because the jury had hung on the rape charge, and because Smiley was convicted only of aggravated indecent assault, his exposure was much less than it could have been had he been convicted of rape as well. [Trial counsel] advised Smiley that by filing a direct appeal, he risked being awarded a new trial only to be convicted on a much more serious charge. For this reason, [both trial counsel] and [Petitioner] decided that no direct appeal would be filed.

(Doc. No. 1-3 at 14.) On review, the Superior Court found that "trial counsel discussed with [Petitioner] potential benefits and drawbacks of pursuing direct appeal, immediately following trial" and that "[Petitioner] decided not to pursue direct appeal, and [Petitioner] did not later

request counsel to file appeal." (Doc. No. 1-4 at 18.)  Magistrate Judge Angell agreed with the findings of both state courts.

Petitioner objects that "trial counsel's advice was unreasonable and erroneous" and that Petitioner "relie[d] solely on trial counsel's legal experience." (Doc. No. 27 at 1.)  There is no error with trial counsel advising that Petitioner not risk exposure to conviction of a more serious crime that carries a harsher sentence, let alone an "error so serious" that it is "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 687, 690.  Failing to meet Petitioner's burden under the Strickland standard, Ground One cannot serve as a basis for habeas relief and thus will be denied.

### b. Objection to Denial of Ground Two: Allowing Dismissal of Juror No. 9

Petitioner next objects to Magistrate Judge Angell's finding that counsel was not ineffective when he failed to object to the dismissal of Juror No. 9.  (Doc. No. 27 at 5.)  The facts surrounding this claim are as follows:

> [A witness] overheard three jurors from Smiley's trial talking about the case. [The witness] testified that Juror 9 began talking to two other jurors and told them: "Here is the deal. When we go back into that room so we can get out of here quickly, when they ask us if he is guilty we're all going to shake our heads. Are we cool?"  [The witness] testified that the other two jurors said "Yes."  The three jurors were questioned and all three denied that this conversation took place. [The court] found [the witness'] testimony to be credible and found that while it would not be improper to allow the other two jurors (who had simply been on the receiving end of Juror 9's comments) to continue sitting, it would be necessary to excuse Juror 9 himself as he was the instigator of the conversation.

(Doc. No. 1-3 at 15.)

Petitioner maintains the trial judge erred in finding this witness credible.  (Doc. No. 27 at 5.)  Petitioner also claims that the trial court erred in dismissing Juror No. 9, the "ring leader" who concocted the alleged verdict agreement, and not Jurors Nos. 1 and 10, the other two jurors involved.  (Id. at 6.)  Petitioner believes that questioning these two remaining jurors about their

biases and leaving them on the jury created an impartial jury.  (Id.)  Therefore, reasons Petitioner, trial counsel was ineffective in not objecting to the dismissal of Juror No. 9.

As an initial matter, Magistrate Judge Angell determined—just as the PCRA court and the Pennsylvania Superior Court had determined—that the record shows that counsel actually did object to the dismissal of any jurors.  (Doc. No. 20 at 12-13.)  Petitioner does not refute this finding in his Objections.  Therefore, the foundation of Petitioner's ineffective assistance of counsel claim fails, and this claim becomes meritless.  This alone warrants denying habeas relief on Ground Two.

Furthermore, Petitioner's argument fails logically.  Petitioner appears to claim that he is prejudiced more by having a biased juror dismissed than by keeping that biased juror on the jury.  Juror No. 9 reportedly said that ultimately he would find Petitioner guilty so that he could be relieved of his jury duty quickly.  He then attempted to enlist other jurors in this scheme.  Moreover, as Magistrate Judge Angell observed, Juror No. 9 also "disregarded the trial court's instruction not to discuss the case or decide its outcome prematurely."  (Doc. No. 20 at 13.)  Thus, it was well within the province of the trial judge to excuse Juror No. 9 from the jury by exercising "broad discretion in [the] substitution of jurors" when the judge had reason to believe that the juror would not be impartial.  See Commonwealth v. Black, 376 A.2d 627, 632 (Pa. 1977).

For these reasons, the trial court did not err in dismissing Juror No. 9, and trial counsel was not ineffective for taking action that Petitioner claims he did not.  Accordingly, the Court will deny the Petition as to Ground Two.

### c. Objection to Denial of Ground Three: Failure to Object to Admission of Evidence

Petitioner next objects to Magistrate Judge Angell's findings that trial counsel was not ineffective for failing to take a number of actions regarding several evidentiary issues.  (Doc. No. 27 at 7.)  Specifically, Petitioner contends that trial counsel was ineffective when:

> He failed to object to the playing of [a] tape recorded conversation between Petitioner and his wife . . .; failed to renew motion for a mistrial . . . after the Prosecutor introduced elicited testimony concerning alleged other crimes [unrelated] to the case in hand; failed to request [that the court] strike the Prosecutor's testimony/question [implying that Petitioner had a sexual proclivity towards minors;] and failed to assure that [the court] give the jury a timely cautionary instruction to prevent prejudice against Petitioner [regarding the Prosecutor's stricken question] . . .

(Id.)

Regarding these claims, the PCRA court—affirmed by the Pennsylvania Superior Court and agreed with by Magistrate Judge Angell—found that:

> [Counsel] did not object to the playing of the taped phone conversation between [Petitioner] and his wife. However, [Petitioner] has failed to show that he was prejudiced by this failure to object . . . As for [counsel's] alleged failure to move for a mistrial, the record reveals that he did this . . . [As for the claim that counsel] should have moved to strike "testimony" [of the Prosecutor] . . . this claim is also inaccurate [because counsel] . . . objected, moved to strike, and moved for a mistrial . . . [And as for the failure to ask for a cautionary jury instruction,] a trial attorney's decision not to ask for a cautionary instruction is a matter of trial strategy and there can be a reasonable basis for not wanting to call further attention, in front of the jury, to an issue that counsel feels is inadmissible . . . [but] in any event, a cautionary instruction *was* given.

(Doc. No. 1-3 at 17-18 (emphasis in original).)  The Court agrees with all three other courts that Petitioner has failed to make a claim of ineffective assistance of counsel.

First, Petitioner was not prejudiced by the playing of a tape recorded conversation between Petitioner and his wife regarding allegations of Petitioner's inappropriate sexual contact with his twelve-year-old neighbor.  As the PCRA court observed, the conversation consisted of

10

Petitioner explaining to his wife that the neighbor apologized for making mistaken accusations, and the neighbor's age was never revealed.  (Doc. No. 1-3 at 17.)  Although Petitioner alleges that this evidence created bias in the minds of the jury that Petitioner is a "monster," (Doc. No. 27 at 8), the Court agrees with Magistrate Judge Angell that the state court did not unreasonably apply the <u>Strickland</u> standard of ineffective assistance of counsel in this regard.[2]

Second, the record reflects that trial counsel did timely move for a mistrial and move to strike the prosecutor's question—even before Petitioner could respond to the question, "obviating the need for a motion to strike."  (Doc. No. 1-3 at 17.)  Petitioner's claims that counsel did not do so are without merit.  Finally, the Court agrees with the state court that trial counsel's decision not to call attention to Petitioner's alleged sexual misconduct in the form of a cautionary instruction was not unreasonable under <u>Strickland</u>.

Federal habeas relief will be denied as to Ground Three.

### d.  Objection to Denial of Ground Four: Elicitation of Petitioner's Criminal Record During Direct Examination

Petitioner objects to Magistrate Judge Angell's determination that trial counsel was not ineffective for eliciting Petitioner's criminal record during direct examination.  (Doc. No. 27 at 10.)  Petitioner alleges that trial counsel did not adequately prepare Petitioner to answer any question about his criminal history and thus forced Petitioner to "incriminate himself."  (<u>Id.</u>)  He also claims that counsel's strategy to "steal the thunder" from the prosecution by revealing Petitioner's criminal record first was an unreasonable trial strategy.  (<u>Id.</u>)  Therefore, Petitioner believes counsel rendered ineffective assistance.  (<u>Id.</u>)

---

[2] In objecting to Magistrate Judge Angell's finding, Petitioner asserts for the first time that he "now remembers" that counsel was asleep during trial, which is why counsel did not object to the playing of the recorded conversation.  (Doc. No. 27 at 8.)  This claim was not raised before Magistrate Judge Angell, and thus this Court will not review it.

On direct examination, trial counsel asked questions that elicited testimony from Petitioner that he had been convicted of retail theft multiple times. (Doc. No. 1-3 at 19.) Petitioner believes that his testimony—completely provoked by counsel—prejudiced him because it forced him to "incriminate himself" and made him lose "the presumption of innocence." (Doc. No. 27 at 10.) As an initial matter, Petitioner was not forced to incriminate himself, as he had already been convicted of these crimes. Next, nowhere does Petitioner explain how counsel's questions prejudiced him or that his criminal record, which contains several convictions that are admissible as <u>crimen</u> <u>falsi</u>, would not have been revealed by the prosecutor on cross-examination in attempts to impeach Petitioner's credibility. As such, Magistrate Judge Angell correctly concluded that Petitioner's claim of ineffective assistance of counsel is meritless. The Court agrees because, if anything, counsel's strategy to dull the effect of the prosecutor introducing this evidence for impeachment purposes was reasonable. Therefore, the Petition will be denied as to Ground Four.

### e.  Objection to Denial of Ground Eight: Request to Charge Petitioner with Aggravated Indecent Assault

Petitioner's next objection is in regard to his claim that counsel erred in requesting that the trial court charge the jury on the offense of aggravated indecent assault. (Doc. No. 27 at 16.) Petitioner believes trial counsel erred when he requested that the Court charge the jury on both indecent assault and aggravated indecent assault, even though Petitioner had not been arrested for or charged with the latter. (<u>Id.</u>) Petitioner believes he was unduly prejudiced by trial counsel's unreasonable decision. (<u>Id.</u>)

Magistrate Judge Angell agreed with the PCRA court and Pennsylvania Superior Court that Petitioner has not alleged a viable ineffective assistance of counsel claim on this issue. (Doc. No. 20 at 23-24). The Court agrees. As the PCRA court explained:

12

> [Counsel] had an excellent and reasonable basis for this request.  Having observed
> the testimony in the trial and knowing that his client could be convicted of an
> extremely serious charge of rape, [counsel] decided that the best strategy was to
> hope for a less serious conviction.  Not only was this strategy reasonable, it was
> successful: the jury hung on the charge of rape.

(Doc. No. 1-4 at 6.)  As Magistrate Judge Angell correctly put it, "Contrary to being ineffective, trial counsel's strategy in requesting this jury instruction was completely reasonable and totally effective."  (Doc. No. 20 at 24.)  The Court finds that counsel's decision to request a charge on aggravated indecent assault in attempt to save his client from a rape conviction was not unreasonable under the Strickland standard, and although Petitioner believes he was prejudiced by the decision, he may in fact have benefited from it.  Thus, federal habeas relief will be denied as to Ground Eight.

> **f.   Objection to Denial of Ground Nine: Failure to File a Motion for Reconsideration and Failure to Appeal Petitioner's Pro Se Motion for Reconsideration**

In his final objection to his ineffective assistance of counsel claims, Petitioner asserts that counsel was ineffective because he failed to file a motion for reconsideration of sentence and he failed to appeal Petitioner's pro se motion for reconsideration of sentence after it was denied by the PCRA court.  (Doc. No. 27 at 20.)  Petitioner essentially asserts that trial counsel abandoned him after sentencing by failing to file post-sentencing motions and preserve Petitioner's appellate rights.  (Id.)  Petitioner alleges that he "inferentially asked" trial counsel to file these motions and appeals.  (Id.)  According to Petitioner, trial counsel was ineffective for not making the proper filings, thereby causing some of Petitioner's claims to be procedurally defaulted as time-barred in state court because no direct appeal was filed.  (Id.)

Magistrate Judge Angell agreed with the state courts that trial counsel was not ineffective for failing to file post-sentence motions.  (Doc. No. 20 at 24.)  Specifically, the PCRA court

explained that trial counsel is not ineffective for failing to file post-sentence motions unless Petitioner can prove actual prejudice that resulted from the failure to file these motions.  (Doc. No. 1-4 at 7 (citing <u>Commonwealth v. Reaves</u>, 923 A.2d 1119 (Pa. 2007).)  The PCRA court, which was affirmed by the Pennsylvania Superior Court on appeal, correctly determined that Petitioner had completely failed to demonstrate any prejudice that arose from counsel not filing post-sentence motions.  (<u>Id.</u>)  Moreover, Petitioner never requested that these motions be filed, and he even admits as much, stating that trial counsel should have "inferred" that Petitioner wanted post-sentence motions filed.  (Doc. No. 27 at 20.)  The Court agrees with Magistrate Judge Angell's review of the state court proceedings and her recommendation to affirm the findings of the state court of lack of prejudice.

In response, Petitioner argues that the sentencing court erred by not providing adequate reasons for the "excessive" sentence imposed, and counsel was therefore ineffective for not filing any post-sentence motions that challenged the allegedly "unlawful" sentence.  (<u>Id.</u>)  In imposing the sentence, however, the sentencing court explained that it had reviewed Petitioner's pre-sentence report and mental health evaluation and had considered this information in calculating Petitioner's sentence.  Because the sentence imposed was not excessive or unlawful under the circumstances, trial counsel was not ineffective for not challenging it.  Habeas relief will be denied as to Ground Nine of the Petition.

### B.  Objections to Trial Court Error Claims

In his Petition, Petitioner raises two claims that he is entitled to habeas relief based on trial court error.  Magistrate Judge Angell recommended denying relief on both Grounds because Petitioner's claims were procedurally defaulted, for Petitioner did not raise either of these alleged trial court errors on direct appeal.

28 U.S.C. § 2254(b)(1)(A) provides that a petitioner seeking a writ of habeas corpus must have "exhausted the remedies available in the courts of the State."  Furthermore, a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented" in the petition.  28 U.S.C. § 2254(c).  Under the law and available procedures in Pennsylvania, a petitioner must at least appeal an adverse PCRA court decision to the Pennsylvania Superior Court to have satisfied the exhaustion requirement.  <u>Lambert v. Blackwell</u>, 387 F.3d 210, 232-34 (3d Cir. 2004).  A petitioner is required to have presented the same legal theory and set of facts in state court through the available appellate review process.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845-46 (1999).  If he does not do so, absent a showing of cause or prejudice for the failure to follow "the ordinary appellate review procedure in [Pennsylvania]," his claims are "not properly exhausted."  <u>Wenger v. Frank</u>, 266 F.3d 218, 224 (3d Cir. 2001) (citations omitted).

Petitioner did not raise his claims of trial court error on direct appeal, which is the "ordinary appellate review procedure" in Pennsylvania.  Accordingly, the PCRA court and the Pennsylvania Superior Court determined that Petitioner had waived these claims and they were thus unreviewable.  Magistrate Judge Angell concluded that these claims were procedurally defaulted and that no cause or prejudice existed or had been shown by Petitioner.  The Court will review each claim in turn.

### a. Objection to Denial of Ground Five: Precluding Petitioner from Consulting with Counsel During One-Day Recess

Petitioner objects to Magistrate Judge Angell's finding that his claim that the trial court erred in precluding Petitioner and his counsel from conferring during a one-day recess was procedurally defaulted.  (Doc. No. 27 at 11.)  Petitioner argues that there can be no justification

to ever constrict discourse between a defendant and his counsel, even when the defendant is not prejudiced by such interference.  (Id.)  Therefore, Petitioner avers that the trial court erred in imposing a moratorium on communication between counsel and Petitioner during a one-day recess, and trial counsel was also ineffective for not objecting to it.  (Id.)  For these reasons, Petitioner believes the Court should grant his Petition.

The trial court error to which Petitioner points occurred during the testimony of Petitioner at his trial.  After counsel for Petitioner finished direct examination, the prosecutor began cross-examining the Petitioner but was unable to finish.  (Doc. No. 18 at 25.)  The court ordered a one-day recess, and also ordered that Petitioner not discuss his testimony with anyone during the recess because he was still under cross-examination.  (Id.)  Neither Petitioner nor his counsel objected.  (Id.)

As the PCRA court explained:

[W]hile a criminal defendant does have a right to counsel, and that right does extend to conferences during trial recesses, a claim relating to this right can be waived and trial counsel must preserve the issue by raising a timely objection.

(Doc. No. 1-4 at 1.)  See also Commonwealth v. Scoleri, 248 A.2d 295, 299 (Pa. 1968).  No objection to the trial court's restriction on communication between counsel and Petitioner was made, and the issue was not raised on appeal.  As such, the PCRA court was correct in finding this claim was waived.

Recognizing that this claim is procedurally defaulted, Petitioner attempts to bootstrap the issue to yet another claim of ineffective assistance of counsel so that the Court will review its merits.  Petitioner's argument still fails because he does not show how he was prejudiced by counsel's failure to object to the trial court order.  As the PCRA court noted, Petitioner does not indicate what Petitioner would have desired to talk to counsel about had he been permitted to

speak with him, nor does he explain how his defense was hampered by this one-day silence. (Doc. No. 1-4 at 3.)  Magistrate Judge Angell agreed, and so does this Court.

Because Petitioner's claim is procedurally defaulted, and because he has not shown prejudice under the <u>Strickland</u> standard as he tries to paint this claim as one of ineffective assistance of counsel, the Court will deny habeas relief as to Ground Five.

### b.  Objection to Denial of Ground Seven: Denial of Petitioner's Request to Instruct the Jury as to Indecent Assault

Petitioner next objects to Magistrate Judge Angell's decision that Petitioner's claim under Ground Seven—that the trial court did not err when it denied his request to instruct the jury as to indecent assault—was procedurally defaulted.  (Doc. No. 27 at 14.)  Petitioner argues that he was originally charged with indecent assault, not aggravated indecent assault, and thus a jury instruction as to aggravated indecent assault was made in error, even though trial counsel requested it.  (<u>Id.</u>)  Furthermore, Petitioner alleges trial counsel was ineffective by not appealing this issue.  (<u>Id.</u>)

As the PCRA court, Pennsylvania Superior Court, and Magistrate Judge Angell all found, Petitioner's claim here is procedurally defaulted because he did not raise any claim of alleged trial court error on direct appeal, nor did he request counsel to appeal the issue.  As such, Petitioner waived this claim, and Magistrate Judge Angell correctly refrained from reviewing it on the merits.  Furthermore, for the reasons stated above regarding Petitioner's claim of ineffective assistance of counsel for requesting a charge of aggravated indecent assault, the Court does not find that counsel provided ineffective assistance by not appealing the denial of an indecent assault jury charge.  Therefore, the Court will deny the Petition as to Ground Seven.

17

### C.  Objection to Denial of Ground Six: Insufficiency of the Evidence

Petitioner next objects to Magistrate Judge Angell's finding that his claim that the evidence presented to the jury was insufficient to return a guilty verdict is not cognizable under the PCRA and that this issue was procedurally defaulted in this habeas proceeding.  (Doc. No. 27 at 12.)  Petitioner also contends that the charge of unlawful contact with a minor was misapplied in his case.  (Id.)  Additionally, Petitioner asserts that trial counsel was ineffective for not appealing this issue.  (Id.)

Under the PCRA, 42 Pa. Cons. Stat. § 9543(b), petitioners are entitled to relief if they claim that their convictions resulted from:

    i)      A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances or the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

    ii)     Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

    iii)    A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

    iv)    The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

    v)     The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

    vi)    The imposition of a sentence greater than the lawful maximum.

    vii)   A proceeding in a tribunal without jurisdiction.

As the PCRA court determined, Petitioner's claim that the weight of the evidence was insufficient to support a guilty verdict does not fall into any of the categories prescribed by the

18

PCRA that entitles him to relief.  (Doc. No. 1-4 at 5.)  The Pennsylvania Superior Court affirmed that Petitioner's claim is not cognizable under the PCRA.  (Doc. No. 1-4 at 18-19.)  Therefore, the PCRA state court properly declined to address the merits of this claim.  Because this issue was not raised on direct appeal, Magistrate Judge Angell correctly determined that the issue was waived and thus procedurally defaulted for the purposes of habeas review.

Petitioner once again claims that trial counsel rendered ineffective assistance in failing to file a direct appeal raising the issue of insufficiency of the evidence.  (Doc. No. 27 at 12.)  The Court has already addressed Petitioner's claims regarding ineffective assistance of counsel for failure to file a direct appeal, supra, and thus it need not repeat its analysis.  Counsel was never requested to file a direct appeal, and both counsel and Petitioner arrived at the decision not to appeal after counsel discussed with Petitioner the potential benefits and drawbacks of filing such an appeal.  Consequently, the Court will deny habeas relief as to Ground Six in the Petition.

## V.   CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Angell's Report and Recommendation and will deny Petitioner's Petition for Writ of Habeas Corpus.  An appropriate Order follows.